349 F.Supp. 1212 (1972)
The MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION, Plaintiff,
v.
U. S. POSTAL SERVICE, Defendant.
Civ. A. No. 1855-72.
United States District Court, District of Columbia, Civil Division.
October 13, 1972.
*1213 Robert H. Levan, Silver Spring, Md., David D. Freishtat, Riverdale, Md., for plaintiff.
Thomas L. McKevitt, Department of Justice, Washington, D. C., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
JOHN LEWIS SMITH, Jr., District Judge.
This case having come on for hearing on plaintiff's motion for preliminary injunction and the Court having considered the pleadings, affidavits and other submissions and having heard oral argument makes the following findings and conclusions:

FINDINGS OF FACT
1. This suit seeks to enjoin continuance of construction of a Bulk Mail Center now underway on a 63 acre tract of industrially zoned land in Prince George's County, Maryland. Plaintiff asserts that the project should be enjoined until an environmental statement has been prepared pursuant to Sec. 102(2)(C) of the National Environmental Policy Act, 42 U.S.C. § 4332. Plaintiff also alleges failure to comply with Section 2a(7) of Executive Order No. 11514. Defendant concedes that no statement has been prepared but denies that such a statement is required in that the building will not significantly affect the human environment. Defendant also contends that the policy expressions of Executive Order No. 11514 have been fully complied with.
2. The property involved consists of 62.74 acres located adjacent to the west side of the Beltway, south of Central Avenue, north of Marlboro-Ritchie Road and east of Ritchie Road, in Prince George's County, Maryland. It is a part of an 800 acre area of industrially zoned property and specifically a part of a 350 acre industrially zoned area known as Hampton Park.
3. In the fall of 1970 the Post Office Department referred the building project to the National Capital Planning Commission for approval pursuant to the provision of 40 U.S.C. § 71d(d). In November, 1970, the matter was referred by that Commission to the plaintiff Maryland National Park and Planning Commission and other Maryland agencies for review and comment. The Maryland agencies expressed their disapproval of the project on environmental grounds.
4. In response the Post Office Department submitted to the National Capital Planning Commission a comment on the objections in which it discussed and considered the traffic impact, sewer and water run-off situation and concluded that no significant problems were presented. In the spring of 1971, the National Capital Planning Commission approved the project.
5. In the Act of May 12, 1970, 84 Stat. 724, 39 U.S.C. § 101ff Congress created the semi-independent U.S. Postal Service to succeed the former Post Office Department. The transition became effective on July 1, 1971. Prior thereto an agreement was worked out with the Corps of Engineers for assignment of the Post Office Department Facility Program (building construction) to the Corps of Engineers and since that time the Corps has acted as the construction agency for the U.S. Postal Service.
*1214 6. In October 1971, a grading and foundation contract was awarded and work on the project was then instituted.
7. Pursuant to Corps of Engineers instructions prepared in December, 1971, the District Engineer prepared an environmental assessment which was completed and submitted in June, 1972. In it the conclusion was reached that the environmental problems were minor or non-existent and that preparation of a 102(2)(C) statement was not required. This assessment fully covered drainage, traffic, paved surface run-off and other environmental matters. It also contains a section noting only minimal environmental effects of eight different categories including Land and Water Resources, Hydrology and Water Quality and Socio-Economic conditions. This same material was submitted to the National Capital Planning Commission and is repeated in an affidavit filed in this court by the District Engineer which contains the conclusion that the construction and operation of the project will have no significant effect on the human environment.
8. Prior to initiation of this suit on September 15, 1972 the grading and foundation contract had been completed at a cost of $1,700,000 and all foundations are in place. A steel contract was awarded in October, 1971, and approximately one-fourth of the steel work has been completed. The third or main building construction contract has also been awarded. The cost of a four month delay in continuing construction to the defendant would be approximately $413,000 and the cost of a six month delay would be $678,000.

CONCLUSIONS OF LAW
1. The determination that the Bulk Mail Facility will not significantly affect the human environment and that preparation of a 102(2)(C) statement is not required was not arbitrary, capricious or an abuse of discretion.
2. Plaintiff has not established that it is likely to prevail on the merits.
3. Plaintiff has not established that it will suffer irreparable injury.
4. Plaintiff has not established a failure to comply with Executive Order No. 11514.
5. The motion for preliminary injunction should be denied.